**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 99-1841**

———————————

JOHN A. SHIRKEY,

                                        Plaintiff - Appellant,

        versus


EASTWIND  COMMUNITY  DEVELOPMENT  CORPORATION;
THE  BALTIMORE-WASHINGTON  CONFERENCE  OF  THE
UNITED METHODIST CHURCH,

                                        Defendants - Appellees,

        and


NATIONAL  DIVISION  OF  THE  GENERAL  BOARD  OF
GLOBAL  MINISTRIES  OF  THE  UNITED  METHODIST
CHURCH;   EQUAL    EMPLOYMENT    OPPORTUNITY
COMMISSION;  OFFICE  OF  COMMUNITY  DEVELOPERS,
NATIONAL  DIVISION,  GENERAL  BOARD  OF  GLOBAL
MINISTRIES OF THE UNITED METHODIST CHURCH,

                                        Defendants.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Walter E. Black, Jr., Senior District
Judge.  (CA-93-2791-B)

———————————

Submitted:  November 30, 1999      Decided:  December 13, 1999

———————————

Before MURNAGHAN and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

John A. Shirkey, Appellant Pro Se.  H. Patrick Donohue, ARMSTRONG, DONOHUE & CEPPOS, CHARTERED, Rockville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Shirkey appeals the district court's order granting summary judgment in favor of The Baltimore-Washington Conference of the United Methodist Church ("the Conference"). In 1991, Shirkey, a white male, was told that because he was not black he would not be eligible for a position in a Community Developer's Program in East Baltimore funded through the United Methodist Church. Shirkey filed a claim under Title 42 U.S.C. § 1981 (1994) alleging racial discrimination against the National Division of the General Board of Global Ministries of the United Methodist Church, the Baltimore-Washington Conference of the United Methodist Church ("the Conference"), and the Eastwind Community Development Corporation. The district court granted summary judgment in favor of the Conference, and Shirkey filed a timely notice of appeal limited to that award of summary judgment. We have reviewed the record and the district court's opinion and find no reversible error.

On appeal, Shirkey requests that we consider "additional evidence" that was not presented to the district court at the time summary judgment was granted. On appellate review of a grant of summary judgment, this Court reviews only the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that were presented to the district court. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Therefore, this

Court will not consider evidence that was not presented to the district court.

We affirm the award of summary judgment in favor of the Conference on the reasoning of the district court in its memorandum opinion entered on October 18, 1996. In its opinion, the district court found that Shirkey failed to establish the Conference knew of any racial criteria within the Community Developer's Program. The court further found no evidence that the Conference's actions, which were limited to approving a written application and procuring funds, were racially motivated or that the Conference acted with discriminatory intent. Thus, the court concluded Shirkey failed to establish a prima facie case of racial discrimination on the part of the Conference. A review of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that were before the district court, reveals the court's grant of summary judgment in favor of the Conference was proper. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We therefore affirm.

We deny Shirkey's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -